IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | **CASE NO:** |
| : | **7:24-CR-34-WLS-TQL-2** |
| **JERRI JO AUSTIN,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

Previously, the Court provided the Parties with notice that this case was scheduled for a pretrial conference on Tuesday, January 7, 2025, at 3:00 p.m. and for trial during the Court's Valdosta Trial Term beginning February 3, 2025 (Doc. 69). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) Defendant, Jerri Jo Austin, filed a timely Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 70) ("Motion") requesting a continuance of the trial to the next term of court in the Valdosta Division because Defense Counsel needs additional time to investigate the allegations in the Indictment and engage in meaningful discussion regarding the potential resolution of this case. Defense Counsel represents that she conferred with Government's counsel, Assistant United States Attorney, Sonja Profit, who does not oppose the Motion. Defense Counsel further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's Office[1] in a speedy trial, and that the period of delay in holding the trial is excludable under the Speedy Trial Act 18 U.S.C. § 3161. Defendant requests that a period of delay **to the beginning of the next term** be excluded under the Speedy Trial Act 18 U.S.C. § 3161. As Defense Counsel is aware, the Court may schedule multiple criminal trials during a term of Court, and thus finds that the period of delay in continuing the trial

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

**through the conclusion of the next Valdosta trial term** is excludable under the Speedy Trial Act.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 70) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division May 2025 Trial Term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The January 7, 2025 pretrial conference with respect to Defendant Jerri Jo Austin is **CANCELLED**.

**SO ORDERED**, this 17th day of December 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**